# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STACEY BENNETT,<br><br>    Petitioner,<br><br>    v.<br><br>CALVIN JOHNSON, Warden,<br><br>    Respondent. | Case No. CV 15-2844-RSWL (AS)<br><br>ORDER OF DISMISSAL |

On April 17, 2015, pro se petitioner, a prisoner currently incarcerated at the Federal Correctional Institution in Victorville, California following a 2013 conviction in the United States District Court for the District of Utah, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition), accompanied by a supporting Memorandum of Points and Authorities ("Petition Memorandum").  The Petition challenges Respondent's failure to transfer Petitioner into a Residential Re-entry Center ("RRC"). Petitioner alleges that in January 2015 (when she was incarcerated at the Federal Correctional Institution in Herlong, California), she had been approved to be transferred to a RRC for a period of 12 months, and was supposed to be transferred to a

RRC in April 2015. However, in March 2015 (after being transferred to FCI-Victorville), Respondent, without an individualized review, reduced Petitioner's period of time in a RRC to 6 months, thus delaying her transfer to a RRC. Petitioner requests, inter alia, the following relief: "Issue a finding that this petitioner did not receive an individualized review by Respondent Calvin Johnson" and "Order the respondent to immediately transfer petitioner to a halfway house." (Petition at 3; Petition Memorandum at 1-4).

## I. DISCUSSION

Petitioner has failed to exhaust her administrative remedies prior to filing her Petition (see Petition Memorandum at 1-4). See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001); Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Since there is no indication that the pursuit of administrative remedies would be futile, the Court has no reason to waive the exhaustion requirement. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); Anderson v. Hodel, 899 F.2d 766, 769 (9th Cir. 1990); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Although Petitioner alleges that the exhaustion of administrative remedies would be futile because Respondent told her some time in March 2015 that she would not get 12 months in a RRC "because this is [his] prison" and because respondent "has reduced every inmate in the prison to no more than six (6) months halfway house time" (see Petition Memorandum at 1-4), petitioner has not alleged, or shown, that all administrative appeals would be denied based on the official policy of the Federal Bureau of Prisons. See Blankenship v. Meeks, 2011 WL 4527408, *3 (D. Hawai'i Sep 28, 2011)("[C]ourts have generally limited the futility exception to circumstances in which a prisoner has shown that further appeals within the prison system would be denied based on the BOP's official policy"), citing Fraley, supra.

## II. ORDER

For the foregoing reasons, the Petition is dismissed without prejudice.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 6, 2015

RONALD S.W. LEW
_____
RONALD S. W. LEW
UNITED STATES DISTRICT JUDGE

---

[1] The Court's dismissal of the Petition renders moot petitioner's Motion to Expedite Case, filed on April 17, 2015.